## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS F. PEREZ-TORRES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-0201** |
| | : | |
| **THE BERKS COUNTY JAIL,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**BARTLE, J.**                                                                 **JANUARY 23 , 2024**

Plaintiff Luis F. Perez-Torres, a pretrial detainee incarcerated at the Berks County Jail ("BCJ"), brings this *pro se* civil action based on the manner in which he was transferred from his cell.  Perez-Torres also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Perez-Torres leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Perez-Torres will be granted leave to file an amended complaint.

## I.    FACTUAL ALLEGATIONS

The Complaint names the following Defendants:  (1) S.O.G. Officer Dew; (2) Warden Jeffrey Smith; and (3) "Berks County Jail Systems."  (Compl. at 1-3.)[1]  The Defendants are sued in their individual and official capacities.  (*Id.* at 2-3.)

The events giving rise to Perez-Torres's claims occurred in August 2022 when he was transferred from cell 111 on Delta Unit — also known as "the Hole/administrative segregation" — to cell 104.  (*Id.* at 4-5.)  It appears the cell transfer occurred because Perez-Torres "had

---

[1] The Court adopts the consecutive pagination supplied to Perez-Torres's filings by the CM/ECF docketing system.

requested that officers along with mental health Ms. Erica present" separate him from his cellmate. (*Id.*)  Perez-Torres alleges that he suffers from physical and mental disabilities, but he does not further describe the nature of those disabilities. (*Id.* at 5.)

At the time of the cell transfer, S.O.G. Officer Dew "asked [Perez-Torres] to get on the ground," which Perez-Torres alleges he could not do because of his disabilities. (*Id.*)  Perez-Torres further alleges that he "was tazed [in the leg and in his side] and made to get on the ground by [Dew] & another S.O.G. officer and crawl out of cell D-104 naked and very uncomfortably and humiliatedly." (*Id.*)  Perez-Torres claims that when he was tazed, he felt it throughout his body and "with [his] disability [he] can't move or do certain positions and it forced [him] to get on [his] hands and knees faster than [he had] in years, which caused pain & suffering" that continues to this day. (*Id.*)

The Court understands Perez-Torres to be raising constitutional claims pursuant to 42 U.S.C. § 1983 and claims under the Americans with Disabilities Act ("ADA") based on these events. (*Id.* at 3.)  Perez-Torres seeks damages on his claims. (*Id.* at 5.)

## II.   STANDARD OF REVIEW

The Court will grant Perez-Torres leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[2] However, as Perez-Torres is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

2

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. As Perez-Torres is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

### A.    ADA Claims

The ADA "require[s] public entities[] . . . to provide, in all of their programs, services, and activities, a reasonable accommodation to individuals with disabilities." *Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 287 (3d Cir. 2019).  "Title II of the ADA applies to services, programs and activities provided within correctional institutions." *Chisolm v. McManimon*, 275 F.3d 315, 325 (3d Cir. 2001) (citing *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998)).  "To state a claim under [the ADA, a plaintiff] must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess*, 933 F.3d at 288-89 (footnote omitted).  The plaintiff "must also show intentional discrimination under a deliberate indifference standard [if] he seeks compensatory damages." *Id.* at 289

(footnote omitted).  A plaintiff may meet that standard in two ways:  "first, by alleging facts suggesting that the existing policies caused a failure to adequately respond to a pattern of past occurrences of injuries like the plaintiffs, or, second, by alleging facts indicating that she could prove that the risk of cognizable harm was so great and so obvious that the risk and the failure to respond will alone support finding deliberate indifference."  *Haberle v. Troxell*, 885 F.3d 170, 181 (3d Cir. 2018) (internal quotations and alterations omitted).

A "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual . . . ."  42 U.S.C. § 12102(1)(A).  "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  *Id*. at § 12102(2)(A).  Title II of the ADA does not provide for individual liability.  *See Kokinda v. Pennsylvania Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019) (*per curiam*) ("Kokinda's claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability."); *Bowens v. Wetzel*, 674 F. App'x 133, 136 (3d Cir. 2017) (*per curiam*) ("[T]he District Court could have properly followed the holdings of those circuits which have concluded that there is no individual damages liability under Title II of the ADA, which provides an additional basis to affirm the dismissal of this claim.").  Accordingly, the Court understands Perez-Torres's ADA claims to be asserted against the individual Defendants in their official capacity only.[3]

---

[3] Official capacity claims are indistinguishable from claims against the governmental entity that employs the Defendants.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs*., 436 U.S. 658, 690, n. 55 (1978)).  Thus, ADA claims against the individual defendants here — employees of the Berks County Jail — are really claims against their employer.

Although Perez-Torres alleges that he suffers physical and mental disabilities, the specific nature of any alleged disability and how it limits him in a major life activity is unclear from the Complaint.  Furthermore, Perez-Torres "fails to allege that [BCJ] was aware that its existing policies made it substantially likely that disabled individuals [such as Perez-Torres] would be denied their federally protected rights under the ADA."  *Haberle*, 885 F.3d at 181.  In other words, he has neither adequately alleged a disability nor alleged a plausible basis for inferring deliberate indifference based on the one-time incident described in the Complaint.  Accordingly, the Complaint does not state an ADA claim as pled.

### B.    Section 1983 Claims

Perez-Torres also asserts constitutional claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  For the following reasons, the Complaint fails to state a § 1983 claim as pled.

### 1.   Berks County Jail

Perez-Torres has named BCJ as a Defendant.  However, there is no legal basis for any § 1983 claims against BCJ because a jail is not a "person" under § 1983 and therefore is not subject to liability under the statute.  *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Regan v. Upper Darby Twp.*, No. 06-1686,

2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009).  Accordingly, the § 1983 claims against BCJ

must be dismissed with prejudice.

### 2.  Official Capacity Claims

As noted above, *supra* n.3, suing a government official in his official capacity is

essentially another way of bringing claims against the government entity that employs that

official, here, the municipality that employs Smith and Dew, here Berks County.  *See Kentucky*,

473 U.S. at 165-66.  To plead a § 1983 claim against a municipal entity, a plaintiff must allege

that the municipality's policy or custom caused the violation of his constitutional rights.  *See*

*Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what

exactly that custom or policy was."  *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir.

2009).  "'Policy is made when a decisionmaker possess[ing] final authority to establish

municipal policy with respect to the action issues an official proclamation, policy, or edict.'"

*Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of*

*Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "'Custom, on the other hand, can be proven

by showing that a given course of conduct, although not specifically endorsed or authorized by

law, is so well-settled and permanent as virtually to constitute law.'"  *Id*. (quoting *Bielevicz v.*

*Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  A plaintiff may also state a basis for municipal

liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing]

that said failure amounts to deliberate indifference to the constitutional rights of those affected."

*Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).  "This consists of a showing as to whether (1)

municipal policymakers know that employees will confront a particular situation, (2) the

situation involves a difficult choice or a history of employees mishandling, and (3) the wrong

choice by an employee will frequently cause deprivation of constitutional rights."  *Id.*

Nothing in Perez-Torres's Complaint suggests that the conduct of which he complains was caused by a municipal policy or custom or deliberate indifference otherwise attributable to Berks County. Accordingly, Perez-Torres has failed to state a plausible claim against the Defendants in their official capacities. The Court will address Perez-Torres's claims against Defendants Smith and Dew in their individual capacity below.

### 3. Jeffrey Smith

In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). "Suits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Perez-Torres does not allege how, if at all, Warden Smith was involved in the events that give rise to his constitutional claims. To the extent Perez-Torres named Warden Smith as a

Defendant because he is in charge of running BCJ, this fact alone is an insufficient basis upon which to bring a claim against him. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation). Perez-Torres's claims against Warden Smith are therefore not plausible because Perez-Torres has failed to allege how the Warden was personally involved in the alleged constitutional violation. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original).

### 4. S.O.G. Officer Dew

Perez-Torres's claim against Defendant Dew is best construed as an excessive force claim based on the amount of force used to effectuate the transfer of Perez-Torres from one cell to another. Because Perez-Torres was a pretrial detainee during the relevant event, the Due Process Clause of the Fourteenth Amendment governs his excessive force claims. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (internal quotation and citation omitted). To state a due process violation based on excessive force, a pretrial detainee must allege facts to plausibly suggest that "that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97. "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively

resisting." *Id.* at 397.  Whether unreasonable force has been used against a detainee "requires

'careful attention to the facts and circumstances of each particular case.'" *Jacobs v. Cumberland

Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Chemical agents may be used "to subdue recalcitrant prisoners . . . when reasonably necessary."

*Gibson v. Flemming*, 837 F. App'x 860, 862 (3d Cir. 2020) (quoting *Soto v. Dickey*, 744 F.2d

1260, 1270 (7th Cir. 1984)).

Because the Complaint is so sparse, the circumstances of the use of force, including who

used the force on Perez-Torres, are unclear.  Perez-Torres alleges that he was asked to get on the

ground and that he "was tazed" but it is unclear whether it was Dew who tazed him.  (Compl. at

5.)  It is also unclear whether Dew was aware of Perez-Torres's unspecified disabilities such that

he knew or should have known that Perez-Torres was unable to comply with a directive to get on

the ground or that doing so would cause him considerable pain.  Although it is possible that

using a taser on Perez-Torres under the circumstances was unreasonable, in the absence of

details about what was going on at the time of the cell transfer, who applied the force, and what

that officer knew at the time, the claim is not plausible as pled.[4]  *See Iqbal*, 556 U.S. at 678

("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

---

[4] Perez-Torres's claim fares no better if construed as one for deliberate indifference.  In general, a prisoner asserting a constitutional claim based on conditions of confinement must allege that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).  The sparse nature of Perez-Torres's allegations, in particular the absence of information about whether Dew had reason to know of any of his disabilities, is fatal to any deliberate indifference claim.

short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Perez-Torres leave to proceed *in forma pauperis* and dismiss his § 1983 claim against BCJ with prejudice and the balance of his Complaint without prejudice for failure to state a claim.  The Court will grant Perez-Torres leave to amend so he can "flesh out [his] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [his] claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  An appropriate Order follows, which provides additional instruction as to amendment.